## Commonwealth v. Smith

*William McK. Rutter*, for Commonwealth.
*Emanuel Weiss*, for defendant.

MAYS, P. J., June 24, 1947.—An information was lodged against Theodore D. Smith, appellant, on April 29, 1947. Pursuant thereto a summons was issued May 1, 1947, and a hearing was held May 6, 1947, at which time the justice adjudged appellant guilty of violating subsection B-4 of the Shillington Traffic Code, and imposed a fine of $2 and costs of $4.52, a total of $6.52. On May 12, 1947, appellant having filed a bond in proper form, the court allowed an appeal. Hearing was held May 24, 1947.

The section he is alleged to have violated reads as follows: "It shall be unlawful for the operator of a vehicle to stop, stand or park such vehicle in any of the following places . . . within twenty five feet from the intersection of curb lines or, if none, then within

fifteen feet of the intersection of property lines at an intersection of highways."

There is testimony, uncontradicted, that appellant's car, at about 7:30 p.m., April 18th, was parked on the right side of Sterley Street below the fire enginehouse and above the intersection of Sterley Street with Catherine Street, and according to appellant's testimony "in the proper zone"; that sometime after midnight appellant's car was not in that alleged place but the rear end of the car was "protruding into the intersection"; that appellant, when he left the enginehouse to go home, saw the car in this position as testified to by Officer Lessig. He stated that his car was damaged, and in response to solicitor's question: "But it was pushed backward?" replied, "Yes. Q. How many feet would you estimate it had been moved? A. According to the damage, pretty many feet."

Unquestionably, if appellant had left his car standing in the position that both he and Officer Lessig found it, it would amount to a clear violation of the ordinance. He, however, is charged with parking the car in the position in which it was found. Ordinarily, one would be permitted to draw the inference that appellant did leave the car as it was found, and unless he produces evidence which we can believe, we would be justified in finding that he did illegally park his car.

Appellant's testimony, corroborated by that of Wilbur Mengel, and we have no reason to say that he is telling an untruth, impels us to the conclusion that he parked his car within a proper zone. Parking has been defined by the courts as meaning, in substance, the voluntary act of leaving a car on the highway when not in use. If the car was moved by someone else, away from the place where it was left standing by appellant, as appellant contends, this was no voluntary act of appellant.

This being so, he did not breach the ordinance, and is entitled to an acquittal.

And now, to wit, June 24, 1947, the appeal is sustained and defendant is adjudged to be not guilty of the charge laid against him.